CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 07 2014
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER J. DUDLEY, | ) |
| Plaintiff, | ) Civil Action No. 7:14CV00459 |
| v. | ) **MEMORANDUM OPINION** |
| EXP, INC., d/b/a FAMOUS ANTHONY'S*, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Christopher J. Dudley, proceeding pro se, filed this action against his former employer, EXP, Inc., d/b/a Famous Anthony's ("Famous Anthony's"), alleging that he was discharged in retaliation for filing a workers' compensation claim. The case is presently before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction and the plaintiff's motion to disqualify the defendant's counsel. For the reasons that follow, the defendant's motion will be granted and the plaintiff's motion will be denied as moot.

## Background

Dudley is a resident of Rocky Mount, Virginia. He worked for Famous Anthony's from January 21, 2013 until December 8, 2013. Famous Anthony's is a Virginia corporation with its principal place of business in Roanoke, Virginia.

According to the complaint and the accompanying exhibits, Dudley became ill in September of 2013 after being exposed to mold at work. On or about September 17, 2013, Dudley filed a workers' compensation claim for injuries resulting from mold exposure. Dudley alleges that he and Famous Anthony's settled the workers' compensation claim, but that he was

---

\* The defendant is incorrectly named in the complaint as "Famous Anthony's, Inc." The plaintiff's motions to amend the complaint to properly identify the defendant will be granted, and the docket will be amended to reflect the defendant's correct legal name.

subsequently terminated on December 8, 2013 in retaliation for filing the claim with the Virginia Workers' Compensation Commission.

On or about June 10, 2014, Dudley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which he asserted that he "was retaliated against because [he] filed a worker's compensation claim in violation of Title VII of the Civil Rights Act of 1964, as amended." Ex. to Compl., Docket No. 2-1 at 17. On July 10, 2014, the EEOC issued a Dismissal and Notice of Rights containing the following determination: "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Ex. to Compl., Docket No. 2-1 at 18.

Dudley filed the instant action against Famous Anthony's on August 28, 2014. On October 2, 2014, Famous Anthony's moved to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dudley filed a brief in opposition to the motion as well as a motion to disqualify the defendant's counsel. The motions have been fully briefed and are ripe for review.

## Discussion

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The court must first address the defendant's motion to dismiss for lack of subject matter jurisdiction. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) ("[Q]uestions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case.") (internal citation and quotation marks omitted).

Federal courts are "courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction is on the plaintiff, the

2

party asserting jurisdiction. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010). The court may properly dismiss a complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if the complaint fails to allege facts upon which subject matter jurisdiction can be based. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

In this case, Famous Anthony's argues that Dudley's complaint must be dismissed for lack of subject matter jurisdiction, because the parties are not diverse and Dudley has not raised any federal question over which the court may preside. For the following reasons, the court agrees with Famous Anthony's.

Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014). In the instant case, it is undisputed that both parties are citizens of Virginia. Because complete diversity is lacking, the court may not exercise jurisdiction under § 1332.

Federal district courts also have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (internal citation and quotation marks omitted). Thus, to determine whether an action arises under the laws of the United States, the court must examine the plaintiff's complaint to "discern whether federal or state law creates the cause of action" and, if the claim is not created by federal law, whether "the plaintiff's right to relief necessarily depends

3

on resolution of a substantial question of federal law." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (internal citation and quotation marks omitted). To support the exercise of federal jurisdiction, the federal question must be substantial, not frivolous or pretextual. Lovern v. Edwards, 190 F.3d 648, 654-55 (4th Cir. 1999).

Having carefully reviewed Dudley's complaint and the exhibits thereto, the court concludes that he has failed to raise any question of federal law which would support the exercise of jurisdiction under § 1331. Dudley repeatedly claims, in both his complaint and his memorandum in opposition to the defendant's motion, that he was retaliated against for filing a workers' compensation claim. See Compl., Docket No. 2 at 3 ("I was suspended/ terminated due to the fact that I filed a worker's compensation claim."); Pl.'s Memo. in Opp'n, Docket No. 14 at 2 ("Plaintiff . . . commenced this action against defendant . . . , in which Plaintiff claims he was unlawfully discharged in retaliation for filing a Workers Compensation Claim."); Id. at 5 ("Plaintiff was suspended/terminated due to the fact that he filed a Workers Compensation claim."). The court agrees with Famous Anthony's that such claim arises only under state law, specifically Virginia Code § 65.2-308, which provides as follows:

> A. No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title. The discharge of a person who has filed a fraudulent claim is not a violation of this section.
>
> B. The employee may bring an action in a circuit court having jurisdiction over the employer or person who allegedly discharged the employee in violation of this section. The court shall have jurisdiction, for cause shown, to restrain violations and order appropriate relief, including actual damages and attorney's fees to successful claimants and the rehiring or reinstatement of the employee, with back pay plus interest at the judgment rate as provided in § 6.2-302.

Va. Code § 65.2-308.

4

In his memorandum in opposition to the pending motion, Dudley argues that his claim "that he was retaliated against and terminated for the filing of a Workers' Compensation claim . . . arises exclusively under FEDERAL LAW," specifically Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Docket No. 14 at 3-4 (emphasis in original). This argument, however, is without merit.

Title VII, in addition to prohibiting discrimination on the basis of an employee's race, color, religion, sex, or national origin, makes it unlawful for an employer to retaliate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3 (emphasis added). In this case, Dudley does not allege that Famous Anthony's retaliated against him for opposing an alleged violation of Title VII, or for pursuing a charge of discrimination under Title VII. Instead, he claims that "he was retaliated against and terminated for the filing of a workers' compensation claim." Docket No. 14 at 4. While Dudley's allegations of retaliation may support a cause of action under Virginia law, they do not implicate Title VII.

Dudley's reliance on the ADA fares no better. In addition to prohibiting discrimination "on the basis of disability," 42 U.S.C. § 12112, the ADA makes it unlawful to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). Once again, Dudley does not allege that Famous Anthony's retaliated against him for opposing an act made unlawful by the ADA, or for pursuing a charge of disability discrimination under the ADA. Instead, he alleges that the defendant retaliated against him for filing a claim with the

5

Virginia Workers' Compensation Commission. The court is convinced that Dudley's cause of action arises solely under state law, and that neither the ADA nor any other federal statute provides a basis for the exercise of federal question jurisdiction.

In sum, the court concludes that the allegations in Dudley's complaint, even accepted as true, are insufficient to show that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because the complete diversity required by 28 U.S.C. § 1332 is also lacking, the court must grant the defendant's motion to dismiss for lack of subject matter jurisdiction.

## II. Motion to Disqualify Counsel

The plaintiff has filed a motion to disqualify the defendant's counsel on the basis of an alleged conflict of interest. Because the complaint is subject to dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff's motion to disqualify will be denied as moot. See, e.g., Field v. GMAC LLC, 660 F. Supp. 2d 679, 692 (E.D. Va. 2008) (holding that the court's decision to dismiss the plaintiff's complaint "render[ed] moot the other motions" filed by the parties, including the plaintiff's motion to disqualify counsel).

## Conclusion

For the reasons stated, the plaintiff's motions to amend will be granted, the defendant's motion to dismiss will be granted, and the plaintiff's motion to disqualify the defendant's counsel will be denied as moot. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 7th day of November, 2014.

_____
Chief United States District Judge

6